**IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION**

| | | |
|---|---|---|
| **U.S. FOODS, INC.,** | ) | |
| | ) | |
| **Plaintiff,** | ) | **No. 17 C 7526** |
| | ) | |
| **v.** | ) | **Magistrate Judge Jeffrey Cole** |
| | ) | |
| **BISHOK LLC d/b/a/ MONTANA'S RIB** | ) | |
| **& CHOP HOUSE, et al.,** | ) | |
| | ) | |
| **Defendants.** | ) | |

**MEMORANDUM OPINION AND ORDER**

The plaintiff has filed a motion to reopen the case after its dismissal with prejudice a year and eleven months ago. [Dkt. #41]. For the following reasons, the motion [Dkt. #45] is denied.

This case began back in October 2017, with plaintiff filing suit against defendant for breach of contract, breach of guaranty, statement on account, goods sold, and unjust enrichment. [Dkt. #1]. The parties settled the case and on June 25, 2018 I entered their Stipulated Order of Dismissal with prejudice. [Dkt. # 41]. Plaintiff moved on May 11, 2020 [Dkt. #45] to reopen this case for the purpose of filing the Consent Judgment, [Dkt. #45-1], which had never previously been made known to the court.

Plaintiff indicated that there had been three attempts to contact defendant's counsel – April 6, 2020, April 20, 2020, and May 5, 2020 – to obtain consent to the instant motion – all without success. Given the lack of consent, and the existence of the worldwide pandemic, during which there was a three-month closure of the courthouse, it seemed that it was an odd time for the plaintiff to ask to resurrect a case that had been dismissed two years earlier, and dismissed with prejudice as well, I set a briefing schedule on plaintiff's motion. Plaintiff's brief was due May 26th, defendant's

response was due June 9, and the deadline for any reply brief was June 16th. [Dkt. #47].

Plaintiff filed a timely brief in which it made the following claims:

> Prior to judgment, the Parties reached a confidential settlement wherein Defendants agreed to make two lump sum payments, as well as several monthly payments, until April 15, 2021. The *Parties agreed* [among themselves without ever informing the court], that this "Court shall retain jurisdiction for enforcing the terms of" the confidential settlement agreement. In late spring 2018, the Parties also executed the Consent Judgment attached hereto as Exhibit 1, and explicitly agreed that the Consent Judgment could be filed with this Court upon Defendants' failure to make any payments and upon a demand for payment with fourteen (14) days to cure. Plaintiff sent demand letters to Defendants on March 6, 2019, and on June 27, 2019, and Defendants failed to send any payment to Plaintiff in response to the demand letter.

[Dkt. #48]. June 9th came and went with no response brief from defendant: there was no motion for an extension or any contact whatsoever. Given the present circumstances, a missed phone call or two might not raise an eyebrow. So too with a late filing. But here there were three phone calls and a deadline for a response. Requesting that the parties brief the matter accomplished very little. Thus, this motion will be disposed of without delay.

Unfortunately for plaintiff, parties cannot "confidentially" agree that a federal district court will retain jurisdiction in order to enforce the terms of a settlement agreement. *Shapo v. Engle*, 463 F.3d 641, 645 (7th Cir. 2006); *Hays v. Bryan Cave LLP*, 446 F.3d 712, 714 (7th Cir.2006). This case was dismissed *with prejudice* at the parties' insistence and with their express agreement. "[A] case that is dismissed with prejudice is unconditional; therefore, it's over and federal jurisdiction is terminated." *Hill v. Baxter Healthcare Corp*., 405 F.3d 572, 576 (7th Cir. 2005). In this case, there is no mention of retention of jurisdiction in the parties' stipulated dismissal Order, entered June 25, 2018. [Dkt. #41]. There is no mention of retention of jurisdiction in my Order entered earlier that same day. [Dkt. #40]. The parties' claimed "confidential settlement" is not mentioned anywhere on the docket, let alone incorporated in an Order. Thus, the inescapable and indisputable reality is that

the court no longer has jurisdiction over the parties' dispute. *See, generally, Shapo*, 463 F.3d at 646.

Perhaps recognizing these indisputable principles, the plaintiff has attempted an end-around, pointing to either Fed.R.Civ.P. 60(b)(5) or (6), and submitting that, "[b]ased on Defendants' failure to remit payments owed to Plaintiff, and their lack of interest in engaging in a dialogue with Plaintiff to resolve their failure, abiding by the stipulation of dismissal is no longer equitable or just, and the Consent Judgment agreed to and executed by the Parties should be entered." [Dkt. #48]. Not surprisingly, plaintiff is unable to cite a single case in support of this proposition, and the authorities are decidedly contrary to it. *Cf. Neuberg v. Michael Reese Hosp. Found.*, 123 F.3d 951, 954 (7th Cir. 1997)(denial of 60(b)(6) motion in case with written settlement and evidence of breach was appropriate, especially where motion had been brought 21 months after dismissal); *Agostini v. Felton*, 521 U.S. 203, 239 (1997)("The clause of Rule 60(b)(5) that petitioners invoke applies by its terms only to 'judgment [s] hav[ing] prospective application.'"); *Cincinnati Ins. Co. v. Flanders Elec. Motor Serv., Inc.*, 131 F.3d 625, 631 (7th Cir. 1997)("Generally, relief from the prospective application of judgments under Rule 60(b)(5) has been granted almost exclusively in cases dealing with injunctions and consent decrees."). In any event, the failure to develop the argument with citation to pertinent authority constitutes a waiver. *Shipley v. Chicago Bd. of Election Commissioners*, 947 F.3d 1056, 1063 (7th Cir. 2020); *Fednav Int'l Ltd. v. Cont'l Ins. Co.*, 624 F.3d 834, 842 (7th Cir. 2010)("We will not fill this void by crafting arguments and performing the necessary legal research.").

Manifestly, the current motion is just another way of asking the court to now enforce an agreement between the parties after the parties asked the court to dismiss the case with prejudice. If plaintiff has an agreement with defendant, whereby defendant consented to a judgment upon

defaulting in his payment obligations, that's a breach of contract claim that plaintiff must bring elsewhere. "A disagreement about whether parties to a settlement have honored their commitments is a contract dispute." *See Jones v. Ass'n of Flight Attendants-CWA*, 778 F.3d 571, 573 (7th Cir. 2015)(citing *Kokkonen v. Guardian Life Ins. Co. Of America*, 511 U.S. 375, at 378, 381 (1994)). Plaintiff cannot come to a federal court two years after it obtained a dismissal with prejudice – a dismissal reflected on the record – and procured by the parties and ask for the entry of a consent judgment, pursuant to a "confidential" agreement – that was not made known to the court at the time of the dismissal. Quite the contrary.

That withholding of information from the court and the ensuing dismissal with prejudice has consequences that cannot and, under the circumstances alleged here, ought not be ignored. Choices have consequences. *Hagan v. Quinn*, 867 F.3d 816, 820 (7th Cir. 2017); *Crowe ex rel. Crowe v. Zeigler Coal Co.,* 646 F.3d 435, 444 (7th Cir. 2011). *Cf. United States v. Martinez-Salazar*, 528 U.S. 304, 307 (2000). To paraphrase Judge Posner in *Abbott Lab. v. Takeda Pharm. Co. Ltd.,* 476 F.3d 421 (7th Cir. 2007), when U.S. Foods and Bishok "stipulate[d] to dismissal of this matter with prejudice without costs or attorney fees to any party," [Dkt. #41], they knew or should have known the jurisdictional consequences in the event of future noncompliance by the defendant. "[U.S. Foods] is bound by its choice." *Id.* at 426.

The plaintiff's motion [Dkt. #45] is denied.

ENTERED: _____
UNITED STATES MAGISTRATE JUDGE

DATE: 6/17/20

4